UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLARENCE McCANN,           )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 4:10-CV-1694-CDP
                           )
NEW WORLD PASTA COMPANY, et al.,  )
                           )
        Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Clarence McCann for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 2000e-5 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"). The named defendants are New World Pasta Company, Chief Executive Officer Chris Getsfred, co-employee Bobbie Brand, and supervisors Bob Chapin, Earleen Ehlers, Dan Stringer, Dave Clark, and Mike Fester. Plaintiff alleges that beginning in July 2009 and in the course of his employment with New World Pasta Company, he was discriminated against on the basis of his race, sex, age, and disability. In addition, plaintiff claims that he was retaliated against for having previously filed a lawsuit against New World

Pasta Company.

**Discussion**

Title VII, the ADA, and the ADEA impose liability on employers who engage in certain discriminatory practices. Thus, plaintiff's claims against defendant New World Pasta Company are sufficient to proceed at this time.

The complaint is, however, legally frivolous as to defendants Chris Getsfred, Bob Chapin, Earleen Ehlers, Dan Stringer, Dave Clark, Mike Fester, and Bobbie Brand, because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII, the ADA, or the ADEA. See Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999)(Title VII); Alsbrook v. City of Maumell, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)(ADA); Herrero v. St. Louis Univ. Hosp., 929 F.Supp. 1260, 1266 (E.D.Mo. 1996)(Title VII and ADEA); Griswold v. New Madrid County Group Practice, Inc., 920 F.Supp. 1046, 1047-48 (E.D.Mo. 1996)(Title VII and ADEA). The Court will, therefore, dismiss said defendants without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that, as to defendant New World Pasta Company, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, as to defendants Chris Getsfred, Bob Chapin, Earleen Ehlers, Dan Stringer, Dave Clark, Mike Fester, and Bobbie Brand, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of September, 2010.

_Catherine D. Perry_
**UNITED STATES DISTRICT JUDGE**