UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE MCCANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10 CV 1694 CDP |
| | ) | |
| NEW WORLD PASTA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, Clarence McCann, brought this suit alleging employment discrimination. He has filed a motion to appoint counsel and a motion to amend his complaint to sue the named defendants in their individual capacities. I will deny both motions.

McCann claims that while employed at New World Pasta Company he was discriminated against on the basis of his race, his age, and his disability. He brings claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Additionally, he asserts a retaliation claim alleging that his treatment and later termination were the result of his having previously filed a lawsuit against New World Pasta Company in this Court. McCann's previously filed lawsuit was brought in May of 2009. Case No. 4:09CV710 CDP. It alleged

failure to promote, ADA claims, and ADEA claims. McCann voluntarily dismissed that lawsuit, with prejudice, in September of 2009.

The current lawsuit was filed on September 10, 2010. In McCann's complaint he named his employer, New World Pasta Company, as a defendant. He also named New World Pasta Company's Chief Executive Officer Chris Getsfred, co-employee Bobbie Brand, and supervisors Bob Chapin, Earleen Ehlers, Dan Stringer, Dave Clark, and Mike Fester as defendants.

On the same date McCann filed the current lawsuit he filed a motion to appoint counsel. The motion to appoint counsel stated that he is unable to pay a reasonable attorney fee and has made diligent efforts to obtain legal counsel but has been unable to secure counsel due to his poverty. Then, on September 21, 2010, he filed a motion for leave to amend his complaint. In this motion, McCann sought to sue the named defendants in their individual capacities.

I reviewed the original pro se petition, under 28 U.S.C. § 1915(e)(2)(B). On September 27, 2010, I issued an order dismissing all named defendants, other than New World Pasta Company. I found the claims against the other defendants legally frivolous because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII, the ADA, or the ADEA.

Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstances as the court may deem just." 42

U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel, the decision whether to make an appointment is in within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *In re Steven Lane*, 801 F.2d 1040, 1042-44 (8th Cir. 1986). The factors that are relevant to the Court's decision are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984); *Nelson*, 728 F.2d at 1005.

Here, McCann has been granted in forma pauperis status, but that does not necessarily mean he cannot afford to retain an attorney. Some attorneys take employment discrimination cases on a contingency fee basis which requires little to no up-front payment. Here, McCann has not explained his efforts to secure counsel and at this time I do not believe his allegations warrant the appointment of counsel. Additionally, the assistance of counsel is unnecessary for the benefit of the plaintiff and the Court at this time. For these reasons, the motion for appointment of counsel will be denied. However, this denial is without prejudice to McCann's right to file another motion for appointment of counsel at a later

time. Any such motion should explain McCann's efforts to secure counsel and how he will benefit from the assistance of counsel.

I will also deny the motion to amend since the amendment would be futile. As I stated in my order dismissing all named defendants, other than New World Pasta Company, the individuals defendants in this case are not subject to individual liability under Title VII, the ADA, or the ADEA. *See Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) (Title VII); *Alsbrook v. City of Maumell*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (ADA); *Herrero v. St. Louis Univ. Hosp.*, 929 F.Supp. 1260, 1266 (E.D.Mo. 1996) (Title VII and ADEA); *Griswold v. New Madrid County Group Practice, Inc.*, 920 F.Supp. 1046, 1047-48 (E.D.Mo. 1996) (Title VII and ADEA).

Accordingly,

**IT IS HEREBY ORDERED** that McCann's motion to appoint counsel [# 4] is DENIED without prejudice.

**IT IS FURTHER ORDERED** that McCann's motion to amend [#5] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.