UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE MCCANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1694 CDP |
| | ) | |
| NEW WORLD PASTA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On September 10, 2010, plaintiff, Clarence McCann, brought this suit alleging employment discrimination. On that same date, he filed a motion to appoint counsel. On October 20, 2010, I denied his initial motion to appoint counsel, without prejudice. I did so because McCann had not established that he could not afford to retain counsel. I noted that some attorneys take employment discrimination cases on a contingency fee basis which requires little to no up-front payment. Additionally, I did not believe his allegations warranted the appointment of counsel and did not believe the assistance of counsel was necessary to benefit McCann or the Court at that time.

On January 28, 2011, McCann filed a new motion to appoint counsel. In support of this Motion McCann attached a letter, dated January 15, 2010, stating

that he had paid a consultation fee to an attorney. He also attached two undated, handwritten pages of attorney names and phone numbers. McCann's submissions do little to remedy my concern that appointment of counsel is not appropriate in this case. The factors to consider in deciding whether to appoint counsel in a Title VII case are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984); *Nelson*, 728 F.2d at 1005.

McCann has submitted no evidentiary proof of his financial state other than his own statement that his funds have been depleted. Even if his funds have been depleted he has failed to show that he has searched for counsel to take this case on a contingent fee basis and been unable to do so. The letter, dated before this case was filed and before my October 20, 2010 order denying McCann's original request for counsel, is not helpful to McCann because one consultation is not enough to demonstrate a good-faith effort to retain counsel. With respect to the handwritten listings, I am not able to tell when they were created, whether the persons on those lists were actually called or visited, or what their responses to

McCann's alleged request for representation included. It is unclear whether the persons listed declined to take the case, and if so for what reason, or if they offered to represent McCann, and if so how much they intended to charge.

Additionally, the only evidence submitted by McCann, since I denied his initial motion to appoint counsel includes attendance paperwork and a letter from the Social Security Administration stating that he became disabled in 2006 and received some supplemental benefits in 2008. The evidence does not demonstrate a factual basis for his claim of discrimination. Instead, McCann maintains that the allegations will be proven at trial. I continue to believe that even if McCann cannot find counsel to represent him, this case does not warrant appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that McCann's motion to appoint counsel [#21] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2011.