UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE MCCANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1694 CDP |
| | ) | |
| NEW WORLD PASTA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

On June 2, 2011, I denied Clarence McCann's motion to reconsider the denial of his motions to appoint counsel. I indicated that if this case survived summary judgment I would reconsider whether he should be appointed counsel for trial. McCann appealed that decision. On June 20, 2011, I stayed this action pending the resolution of McCann's appeal. On July 1, 2011, the United States Court of Appeals for the Eighth Circuit granted a motion to dismiss his appeal.

After the Eighth Circuit dismissed McCann's appeal, he filed yet another motion for reconsideration of the denial of his motions to appoint counsel to this Court. In that motion, McCann also asked that this Court provide him with space, equipment, a court reporter, and a notary to conduct depositions of various witnesses. Although defendant New World Pasta has recently filed a motion for

summary judgment, dispositive motions have not yet been ruled on, and I still do not believe appointment of counsel is appropriate at this stage of this case for all of the reasons I have stated in previous orders. Further, although the Court could provide a room for taking a deposition, the Court cannot provide equipment, court reporters, and notaries for depositions. Those things would be McCann's responsibility if he were to take depositions. I will again deny the motion to appoint counsel and will also deny McCann's request that the Court provide the means for him to take depositions without his arranging and paying for it himself.

On July 12, 2011, McCann filed a document titled "Motion to Compel Defendant New World Pasta Company to Answer Interrogatories." The document asked that New World answer two interrogatories. The first was the age of the machines McCann operated, and the second was a designation of all machines two other employees had operated. I believe the defendant has provided a sufficient response to the latter request, but I will require it to provide the age of the machines McCann worked on. Although I am not entirely convinced that this information is relevant (given the evidence that all employees worked on the same machines), I will nevertheless order defendant to provide it. I will otherwise deny the motion to compel. Additionally, McCann should understand that I will summarily deny any further motions to compel that do not contain his certification

that he has met and conferred with opposing counsel and attempted to resolve their dispute. *See* Fed. R. Civ. P. 37(a); E.D. Mo. Local Rule 37-3.04(A).

On July 22, 2011, McCann filed a "Motion Not to Allow" defendant's summary judgment motion at this time. McCann argues that because other pending motions had not been ruled on I should not allow the defendant to file its summary judgment motion. Defendant could have filed its motion for summary judgment at any time, and it was not improper for it to file it in compliance with the original case management order. Because of the motions that were pending, however, I will give McCann additional time to respond to the Motion for Summary Judgment. I remind McCann that he is obligated to comply with the Local Rules of this Court, and specifically remind him of Local Rule 7-4.01(E), which requires him to respond to defendant's statement of material facts [docket entry # 50]. If he does not controvert those facts with specific evidence from the record, those matters will be deemed admitted.

Finally, I remove this case from the October 11, 2011 trial docket, and I will not reset it until after I have ruled on the pending motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of appointment of counsel [#43] and motion not to allow summary judgment [#53] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#45] is granted only to the extent that defendant must provide, within fourteen days of today, the ages of the machines that McCain worked on during his probationary period; the motion is otherwise denied.

**IT IS FURTHER ORDERED** that plaintiff must respond to defendant's motion for summary judgment no later than **Monday, August 29, 2011**. Defendant's reply brief will be due ten days after McCann files his opposition.

**IT IS FINALLY ORDERED** that this case is removed from the October 11, 2011 trial docket, and will not be reset until I have ruled on the pending motion for summary judgment.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2011.