UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE MCCANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1694 CDP |
| ) | |
| NEW WORLD PASTA COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On August 17, 2011, plaintiff Clarence McCann filed a motion to compel defendant New World Pasta Company to produce certain documents. McCann requested packing quality worksheets and packing machine daily packing reports for himself and the three employees that were on probation when he was on probation. McCann also requests documents to evidence the amount of product displaced during the period of his probation.

New World objects to the requests for production on two separate grounds. It argues that the request are unduly burdensome because the documents requested span over four months and are irrelevant because the records do not relate directly to the falsification of records that allegedly caused McCann's termination. It further argues that because the Case Management Order stated that all discovery was to be

completed by June 17, 2011 and the request was received on June 12, 2011 it was untimely under and Fed. R. Civ. P. 34 which allows it 30 days to respond.

McCann's requests for production of documents is relevant to the allegations in his complaint. McCann is arguing disparate treatment based on his performance and the performance of the employees who were on probation when he was on probation. He should be allowed the documents that would afford him an opportunity to compare his packing numbers to those employees. Additionally, New World asserted, in its answer, that over 8,000 lbs of product was displaced because of McCann allegedly falsifying records. McCann should be allowed to compare that number to whatever amount of product was displaced for any other reason. McCann's request, while somewhat burdensome, is not unduly burdensome because it only relates to a four month time period and it relates directly to the allegations in his complaint.

McCann's request, however, failed to comport with the deadlines set by the Federal Rules of Civil Procedure. Although McCann, acting *pro se*, is required to follow the rules, *Burgs v. Sissel*, 745 F.2d 526 (8th Cir. 1984), McCann has not demonstrated a pattern of failure to comply with my orders and he did not wait until the last minute to engage in discovery. McCann has been pursuing this case actively since its filing. The request for documents request for production of documents was

made after his attempts at gaining depositions failed and within the time period designated for discovery. I would have granted a motion to allow New World additional time to answer those requests to produce documents outside the discovery deadline, and so I will allow it more time to respond now. I will decline to award any fees in conjunction with this motion because of the untimeliness of the request.

While I am not convinced that this evidence will work in McCann's favor, he is entitled to this particular discovery. No other discovery is intended to be extended by this order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#60] is granted and defendant New World Pasta Company must produce the documents requested in exhibit E of the plaintiff's motion to compel no later than **September 27, 2011**.

**IT IS FURTHER ORDERED** that plaintiff Clarence McCann must submit any further response to the defendant's motion for summary judgment no later than **October 11, 2011**.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2011.