UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE MCCANN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEW WORLD PASTA COMPANY, )<br>)<br>Defendant. ) | Case No. 4:10CV1694 CDP |

## **MEMORANDUM AND ORDER**

On March 30, 2012, I granted defendant New World Pasta's motion for summary judgment. On April 11, 2012, plaintiff Clearance McCann filed the instant Motion for Reconsideration. Then, on April 24, 2012, McCann filed a Notice of Appeal seeking review of the judgment.

The filing of a notice of appeal usually divests the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (holding that "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Because McCann's motion for reconsideration is one of the motions that would typically toll the time for filing an appeal, however, Federal Rule of Appellate Procedure 4(a), as amended, contains an exception to this general rule. *See DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999) (holding that a motion to

reconsider is the "functional equivalent" of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)). Rule 4 states that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *See* Fed. R. App. P. 4(a)(4)(B)(i). As such, McCann's premature appeal did not divest this Court of jurisdiction. *MIF Realty L.P. v. Rochester Assoc.*, 92 F.3d 752, 755 (8th Cir. 1996).

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation and internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* To prevail on a motion for post-judgment relief based upon newly discovered evidence, the movant must show that (1) the evidence was discovered after the entry of judgment; (2) the movant exercised due diligence to discover the evidence before judgment; (3) the evidence is material and not merely cumulative or impeaching; and (4) considering the evidence would probably produce a different result. *See U.S. Xpress Enter.*

*Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir.2003). McCann has failed to establish that the evidence was discovered after the entry of judgment or that he exercised due diligence to discover the evidence before judgment. Further, the evidence would not have produced a different result in this case.

McCann's motion asks that I reconsider my grant of summary judgment for New World by disregarding certain evidence. Specifically, McCann argues that I should not consider a document from 2009 where his physician warranted to the Missouri Commission on Human Rights that he had no limitations on any of his major life activities because McCann does not believe the physician was "qualified" to make that determination. He also asks that I disregard his own statements to New World that he was not disabled and did not require accommodations because he would have said "anything to get a job and keep it to pay the bills."

The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2). Once New World presented evidence that McCann was not disabled, McCann could not rest on allegations, he was required to set forth by affidavit or other evidence of specific facts showing a genuine issue of material fact existed as to whether he was disabled under the ADA's definition. Fed. R. Civ. P. 56(e)(2).

Even assuming McCann had established that the exhibits submitted with his motion were discovered after the entry of judgment or that he exercised due diligence to discover those exhibits before judgment, which he has not, and even if I disregarded the 2009 MCHR paperwork from McCann's physician and McCann's representations to New World, the evidence as a whole does not suggest McCann was disabled or create a factual dispute on that issue.  The evidence suggests the opposite.  New World produced evidence that McCann told the MCHR that he was given a "full bill of health to come back to work" after his heart attacks.  McCann does not dispute this evidence, and the statements contained in this evidence were made in 2010, after McCann was terminated and had filed a charge of disability discrimination.  At that point, McCann's rationale for misrepresenting his alleged disability would not makes sense, and so that cannot be the basis for finding a genuine issue of material fact in this case.

Further, Exhibit Z to McCann's Motion for Reconsideration shows that, just before McCann took the machine operator position, he was released to do "normal work," corroborating McCann's statements to the MCHR.  The box on the work release attributable to "restrictions" was not checked and the comment section was left blank.  McCann argues that because he needed a work release there were concerns about his physical condition which should create a genuine issue of material fact as to whether he was disabled, but these are this is the same argument

McCann made, without the documents, in his response to New World's motion for summary judgment. The evidence does not create a question of fact as to whether McCann was disabled because none of the exhibits so much as mention the disability McCann alleges or any limitation on any major life activity which would bring him into the ADA definition of disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration [#73] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2012.